IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE FARM MUTUAL | : | CIVIL ACTION |
| AUTOMOBILE INSURANCE CO., et al. | : | |
| v. | : | |
| | : | NO. 03-5595 |
| AMERICAN REHAB AND | : | |
| PHYSICAL THERAPY, INC., et al. | : | |

FILED
JUN 2 2 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM AND ORDER

This case has a long history, which will not be repeated in this Memorandum and Order. State Farm has taken actions, and filed many motions, as part of its post-judgment proceedings, and has secured several Orders compelling Richard Privitera to provide information and deposition testimony. Upon review of these papers, the Court has concluded that Mr. Privitera has withheld information, at least until recently, and refused to provide relevant information to State Farm.

Presently before the Court is a Motion for an Injunction against Mr. Privitera (Doc. No. 132), arising out of Plaintiff State Farm's contention that Mr. Privitera has substantial income, which enables him to make payments on the $500,000 default judgment entered against him on October 20, 2005 (Doc. No. 75).

After State Farm filed its Motion, the supporting papers warranted the Court entering a Temporary Restraining Order on June 11, 2009 (Doc. No. 142), enjoining Mr. Privitera from transferring, conveying, assigning, spending, disposing and/or concealing of any money or property valued at $200 or more pending further order of the Court.

Mr. Privitera was ordered to appear at a hearing on June 16, 2009, and also to continue

his deposition at that time. On June 16, 2009, Mr. Privitera appeared with his current counsel, and the deposition resulted in Mr. Privitera answering all questions. The testimony revealed that he has substantial income as a result of his either being self-employed or employed by others in a consulting capacity for several independent businesses.

The standard for the issuance of an injunction are as follows: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Am. Civil Liberties Union of N.J. v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1477 n.2 (3d Cir. 1996).

The Court finds that State Farm has met its burden for securing an injunction. The Court will award a Preliminary Injunction at this time, based on the facts of record and will give the parties an opportunity to supplement the record and also provide any legal authority on the issues presented, following which the Court may enter a permanent injunction with or without a further hearing.

**Findings of Fact**

1. Mr. Privitera is currently working as an independent business consultant. For a period of time, he was self-employed but recently became an employee of the companies for which he consults. He has earned income over the last year of approximately $200,000 and is continuing to earn substantial income as a result of his current consulting assignments.

2. Mr. Privitera does not own any assets in his own name, but rather rents a house, leases two cars, and uses his income to pay for his living expenses. He appears to structure his

life so he does not accumulate any assets, for the purpose of not satisfying the judgment entered against him. Yet, he enjoys many luxuries such as a comfortable home and car, that judgment debtors ordinarily are not able to afford.

3. Based on Schedule J filed by Mr. Privitera, dated Dec. 8, 2009 [sic – the Court will assume the notarized document meant to read 2008 as stated in Defendant's Motion] (Def.'s Mot. Prelim. Inj. Ex. H), the Court finds that his claimed expenses are unduly high. As a judgment debtor to State Farm, the Court intends to allow Mr. Privitera to retain for his living expenses amounts that are only modest and necessary.

4. Concerning Schedule J, the Court finds that Mr. Privitera's expenditures of $1,700 per month under the category of "food" is highly excessive and his expenditure of $1,200 per month for "recreation, clubs and entertainment, newspapers, magazines, etc." is not necessary.

5. For present purposes, the Court will not require a change in other specific categories, but finds that Mr. Privitera can reduce other expenses, and will consider any arguments made by either party before fashioning a permanent injunction.

6. To the Court's knowledge, Mr. Privitera does not have any minor children to support, and also for present purposes, accepts his testimony that his wife is not earning any income at this time.

7. The Court finds that $500 is an adequate and reasonable amount for food for Mr. Privitera (and his wife) per month, but no amounts will be allowed for recreation, clubs or other entertainment.

8. The evidence of Mr. Privitera's gross income is conflicting but the court finds he

should be able to earn approximately $15,000 per month, his reasonable expenses are $6,710 per month, and allowing for a 30% tax rate ($4,500 per month), he can and must pay $3,700 per month to Plaintiff.

**Conclusions of Law**

1. The Pennsylvania statute exempting wages from attachment, 42 Pa. Consolidated Statutes § 8127, does not preclude this Court from entering an Order as to Mr. Privitera's receipts from his consulting income.

2. Mr. Privitera's claim for an allowance to be made for his son's tuition to attend college is rejected. Payment of the judgment is entitled to precedence over a child's college tuition.

3. For these reasons, it is ORDERED that in place of the Temporary Restraining Order, a Preliminary Injunction shall issue, enjoining Richard Privitera from making any expenditures (except taxes) in excess of $ 6,710 per month, or for any reasons other than those set forth on Schedule J, and he must pay $3,700 per month to Plaintiff, effective immediately.

4. The parties are allowed fourteen (14) days to submit exceptions to this ruling, with legal argument as appropriate, following which the Court may enter a permanent injunction.

The parties shall contact Magistrate Judge Strawbridge if they agree to enter mediation.

BY THE COURT:

Date: 6/22/09

_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL\03-5595, State Farm v. American Rehab\State Farm v. Am Rehab Order Mot Prel Inj.wpd