```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF PENNSYLVANIA



STATE FARM MUTUAL           :
AUTOMOBILE INSURANCE        :    Case No.  03-05595-MMB
COMPANY, et al.,            :
                            :
          Plaintiff,        :    Philadelphia, PA
     v.                     :    November 24, 2008
                            :    3:33 p.m.
AMERICAN REHAB AND PHYSICAL:
THERAPY, INC., d/b/a        :
AMERICAN MEDICAL REHAB,     :
RICHARD PRIVITERA, et al., :
          Defendants.       :
---------------------------
```

```
               TRANSCRIPT OF MOTION HEARING
        BEFORE THE HONORABLE MICHAEL M. BAYLSON
               UNITED STATES DISTRICT JUDGE
```

APPEARANCES:

For Plaintiff:              MATTHEW A. MORONEY, ESQUIRE
                            Goldberg, Miller & Rubin, P.C.
                            121 South Broad Street, Suite 1500
                            Philadelphia, PA  19107

For Defendant Privitera:    STEVEN D. USDIN, ESQUIRE
                            Cohen, Seglias, Pallas, Greenhall
                            & Furman, P.C.
                            30 South 17th Street
                            Philadelphia, PA  19103

Audio Operator:             Milahn Hull


Transcribed by:             DIANA DOMAN TRANSCRIBING
                            P.O. Box 129
                            Gibbsboro, New Jersey  08026-0129
                            (856) 435-7172
                            FAX:  (856)  435-7124
                            EMAIL:  dianadoman@comcast.net


Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

Colloquy                                      2

1           THE CLERK:  All rise.

2           THE COURT:  Okay, good afternoon.

3           ALL COUNSEL:  Good afternoon, Your Honor.

4           THE COURT:  Okay.  We're here for a hearing in State

5    Farm Mutual Automobile Insurance Company vs. American Rehab,

6    civil action 03-5595.

7           Okay, for the plaintiff we have Mr. Usdin, is that

8    right?

9           MR. USDIN:  No, Your Honor, I'm for the defendant.

10          THE COURT:  Oh, I'm sorry, who's here for the

11   plaintiff?

12          MR. MORONEY:  I am, Your Honor.  Matthew Moroney.

13          THE COURT:  Okay, sorry.  Okay.

14          All right, and -- let me just see -- all right,

15   you're with Mr. Goldberg, Cy Gold -- Goldberg, Miller & Rubin?

16          MR. MORONEY:  Yes, Your Honor.

17          THE COURT:  Oh, you are, okay.  All right.  And then

18   Mr. Usdin, you're here for whom?

19          MR. USDIN:  I'm here for Mr. Privitera.

20          THE COURT:  All right.  Mr. Privitera, you're here?

21          MR. PRIVITERA:  Yes, I am, Your Honor.

22          THE COURT:  All right, let's swear Mr. Privitera in.

23                    RICHARD PRIVITERA, SWORN

24          THE CLERK:  Please state your full name and spell

25   your last name for the record.

                                    Colloquy                          3

1            MR. PRIVITERA:  Good afternoon.  Richard Privitera,

2    P-R-I-V-I-T-E-R-A.

3            THE COURT:  All right.  Now, just for the background

4    of this case, I had entered a default judgment against Mr.

5    Privitera sometime in 2005.  And then, he was deposed and was

6    unable to provide information to certain questions that I

7    think were very relevant.  And, then I issued another order

8    dated -- you can all sit down if you want -- dated July 17th,

9    2008, where I ordered that Mr. Privitera is compelled to

10   disclose the identity of a holding company to whom he pays

11   rent and produce a copy of a rent check in aid of execution of

12   the judgment entered against him on October 20th, 2005 within

13   14 days of the date of this order.

14           Apparently, that was not done, and then the

15   plaintiffs filed another motion, and then I entered an order

16   on October 20th, 2008, requiring Mr. Privitera to appear for a

17   hearing today concerning two motions.  One, a motion to compel

18   subpoenaed documents from Comcast Communications regarding

19   payments by Richard and Elaine Privitera in order to waive

20   execution of defendant's judgment against Mr. Privitera.

21           And two, defendant's motion to compel a bench

22   warrant for the arrest of Mr. Privitera due to Mr. Privitera's

23   refusal to comply with the Court's order on July 17th, 2008 to

24   disclose the identity of the holding company to which he pays

25   rent, and to provide a copy of a rent check.

1            Okay, now, Mr. Privitera, you're now under oath.

2    Are you prepared to identify the name of the holding company

3    to whom you pay rent?

4            MR. PRIVITERA:  Your Honor, as I explained to my

5    counsel, that there was no -- I thought there was a holding

6    company because I rent the house, and the lady I rent it from

7    is an Asian lady.  And I thought she told me she owned it in a

8    holding company.  And --

9            THE COURT:  Well, to whom do you pay the rent?

10            MR. PRIVITERA:  I pay the rent directly to her.  But

11    I thought it was a hold -- because it's the initial plus --

12            THE COURT:  Well, to whom -- do you have a copy of

13    the rent check here?

14            MR. PRIVITERA:  I pay cash, Your Honor.  I have

15    copies of --

16            THE COURT:  Well, what's the name of the person you

17    pay --

18            MR. PRIVITERA:  M. Lee.

19            THE COURT:  M. Lee?

20            MR. PRIVITERA:  Yeah.  Myung which I -- Myung Lee.

21    I'm not sure --

22            THE COURT:  What's the address?

23            MR. PRIVITERA:  Her address is on --

24            MR. USDIN:  Your Honor, if I might?

25            THE COURT:  Yes.

1          MR. USDIN:  Your Honor, on Friday morning, I was

2    retained by Mr. Privitera to assist him at today's hearing.

3          As a result of that retention, I reached out to Mr.

4    Moroney's law firm and provided them with the information that

5    was directly in response to the questions that you are now

6    posing.

7          We advised them that as far as the Comcast account

8    is concerned, Mr. Privitera pays that account in cash.  I just

9    talked to Mr. Moroney today who advised me that based on that

10   information he's going to seek out a subpoena to Comcast for

11   additional information.

12         I also on Friday provided them with the name,

13   address and telephone number of the owner of the real estate,

14   which is Myung Lee, M-Y-U-N-G, L-E-E, 430 Mallard Circle --

15         THE COURT:  430 what, sorry?

16         MR. USDIN:  Mallard, like the duck, Judge.

17         THE COURT:  M?

18         MR. USDIN:  M-A-L-L-I-A-R-D (sic).

19         THE COURT:  Yes, where's that?

20         MR. USDIN:  Circle, Blue Bell, Pennsylvania, 19422.

21   I also provided her telephone number, 267-939-0505.

22         I had been informed, and I just spoke to Mr. Moroney

23   again today, that Mr. Moroney in fact on Friday did speak to

24   Ms. Lee.  And --

25         THE COURT:  Did speak to who, I'm sorry?

Colloquy                                    6

1           MR. USDIN:  Ms. Lee.

2           THE COURT:  Yes.

3           MR. USDIN:  The owner of the real estate.  He had

4    that conversation with her on Friday.

5           So, my point, Your Honor, is that we have tried in a

6    very short quick period of time to be as responsive to the

7    requests and the desires of plaintiff to obtain information

8    from us.

9           I also advised, and we have already consented,

10   counsel and I, that Mr. Privitera will be available again to

11   be deposed under oath to answer any subsequent or supplemental

12   questions to the deposition that was taken of him without

13   counsel present.

14          So we are trying to make an attempt and effort to

15   demonstrate to the Court that we are being as responsive as we

16   can to assist State Farm in completing its deposition in aid

17   of execution of this matter.

18          THE COURT:  All right, Mr. Moroney, what's your

19   position?

20          MR. MORONEY:  Good afternoon, Your Honor.  It is

21   correct that we were contacted by Mr. Usdin on Friday

22   regarding this matter.  I think Your Honor's procedural

23   history is correct listed earlier.

24          As you know, State Farm was conducting asset

25   discovery on Mr. Privitera through the deposition in January

Colloquy                                   7

1    2008 and learned that at least at that point, he was working,

2    he was making about $10,000 per month, which is a substantial

3    amount I would suggest, and that he was paying rent in the

4    amount of $2800 per month.  And that amount was going to a

5    holding company.

6              He identified his bank account, he identified two

7    bank accounts, one being Wachovia, one being Commerce Bank.

8    He said he didn't recall the name of the holding company at

9    the deposition.

10             We subsequently then did further investigation.  We

11   subpoenaed Comcast, went down that avenue and learned that Mr.

12   Privitera never had an account with Comcast.  That was not

13   correct information.  We subsequently requested Mr. Privitera

14   for a copy of the check with the name of the holding company.

15   He never responded to our request.  Again, Your Honor entered

16   the order in July.

17             After the order in July, once again we contacted Mr.

18   Privitera on a number of occasions; no response.  We filed our

19   motion, our credit motion, and Friday Mr. Usdin did contact

20   with us with information, stated it was a woman.  I contacted

21   the woman and she did in fact state that she is the landlord

22   for Mr. Privitera.

23             THE COURT:  Well, Mr. Usdin, I guess I have a

24   question, that if your client was very simply paying cash to a

25   woman, why would he say at his deposition that he was paying a

Colloquy                                      8

1    foundation?

2           MR. USDIN:  Well, in his deposition he said that he

3    was paying to a holding company.

4           THE COURT:  A holding company I mean, a holding

5    company.

6           MR. USDIN:  And I believe that Mr. Privitera just

7    explained to you, which is the way he explained it to me when

8    I spoke with him on Friday, that is that quite frankly he

9    misunderstood.  The woman apparently has a very limited grasp

10   of the use of the English language and he just didn't

11   understand and mistook what she was saying to him about who

12   the owner of the property is.

13          However, Your Honor -- counsel had performed a title

14   search on the property, Mr. Privitera had no ownership in that

15   interest whatever, and our understanding is that Ms. Lee is

16   the owner of record.

17          THE COURT:  Well, it seems to me, Mr. Moroney, that

18   you know, I don't know what you want to do, and if you want to

19   take Mr. Privitera's deposition again, I'll allow that.

20          Now, but I think you're entitled to a balance -- a

21   personal financial statement from Mr. Privitera prepared under

22   oath, subject to penalties against perjury.

23          Consult with your client, Mr. Usdin, on how much --

24   how quickly he can prepare that.  I think the plaintiff's

25   entitled to that, if we're going to absolve this motion.

Colloquy                                9

1          And I'm talking about a very short period of time,
2     no more than one week.
3          MR. USDIN:  Your Honor, if we might, Mr. Privitera
4     just told me his accountant is on vacation this week.  I was
5     going to stand up and ask for two weeks, because we have the
6     holiday --
7          THE COURT:  Is that all right?  All right.
8          MR. MORONEY:  No objection.
9          THE COURT:  All right, 14 days.  So within 14 days
10    you'll submit to the plaintiff a financial statement sworn to
11    and taken subject to penalties against perjury.
12         And then if you want to take his deposition, Mr.
13    Moroney, you can, but I'd like to have a report from you
14    within 30 days as to where things stand, okay?
15         MR. MORONEY:  Yes, sir.
16         THE COURT:  So if you want to do the deposition,
17    that should be done within 14 days thereafter.  So basically
18    by December 24th, the day before Christmas, you should have
19    the financial statement within 14 days.
20         And Mr. Privitera, if the plaintiff wants to take
21    your deposition after that, you understand that you have to
22    appear at the time and place they designate within 14 days
23    thereafter.  Is that clear?
24         MR. PRIVITERA:  Yes, it is, Your Honor.
25         THE COURT:  All right.  And Mr. Usdin, you're

                        Colloquy                        10

1    welcome to attend if he wants to be there, that's up to you.

2    But --

3              MR. USDIN:  I plan to attend, Your Honor.  And as I

4    said in my little brief opening statement, we did make that

5    offer on Friday.

6              THE COURT:  All right.

7              MR. USDIN:  We would participate to whatever extent

8    necessary.

9              THE COURT:  All right.  Okay, well, so by December

10   24th I'd like to have a report from the plaintiff as to where

11   this motion stands, and I'll hold it in abeyance pending these

12   events.  And I'll issue a short order about this.  Is that all

13   right?  Does anybody have any objections or further comments?

14             MR. USDIN:  I do not.  Your Honor, I will probably

15   tomorrow morning file a notice of appearance in the matter and

16   see what my client --

17             THE COURT:  Okay, thank you.  Do you have any

18   comments or requests?

19             MR. MORONEY:  No, Your Honor.

20             THE COURT:  All right.  Okay.  Thank you very much

21   for coming in.

22             MR. USDIN:  Thank you, Your Honor, and --

23             THE COURT:  And let me say one other thing, Mr.

24   Privitera.  I'm glad you have counsel now, but if you get any

25   more notices to appear, either for a deposition or in this

Colloquy                                                    11

1    Court, you must appear.  Do you understand that?  You're

2    skating on thin ice at this point.

3              MR. PRIVITERA:  I thank you.   Thank you for your

4    consideration.  I'll be honest with you, it's taken so much

5    out of me, I just -- I don't have any --

6              THE COURT:  Well, you'll file a sworn financial

7    statement and then we'll go from there.

8              Yes, sir?

9              MR. MORONEY:  Your Honor, I think just one more

10   thing I have for housekeeping.  There is another motion on for

11   today, regarding records of Comcast Cable.

12             THE COURT:  Now, do you want me to enter an order --

13   you want a judge to enter an order against Comcast?

14             MR. MORONEY:  Your Honor, Comcast -- there's a

15   statute in place that says they normally provide the

16   information pursuant through a court order, or an

17   authorization from the customer who is Mr. Privitera.  I would

18   accept if Mr. Privitera would provide written authority, which

19   I can get the records directly from Comcast.

20             THE COURT:  All right.  Well, if you -- do you give

21   that authority, Mr. Privitera?

22             MR. PRIVITERA:  It's under my wife's name, Your

23   Honor.

24             THE COURT:  All right, would you authorize Mr. Usdin

25   to sign a stipulation to that effect?

Colloquy                                    12

1        MR. USDIN:  Apparently what Mr. Privitera is telling

2   me is that the account is under his wife's name, but --

3        MR. PRIVITERA:  I can give permission for me.

4        MR. USDIN:  We will work that out.  I will either

5   have her --

6        THE COURT:  All right, well, here's the thing.  I

7   have a very small amount of Comcast stock, so I can't issue an

8   order against Comcast.  So I suggest you work out a

9   stipulation and you can file it in this case, and I'll see if

10  another judge would approve it.  But if you need to litigate

11  the motion, I'm going to have to send it to another judge.

12       MR. MORONEY:  Understood, Your Honor.

13       THE COURT:  Okay.

14       MR. MORONEY:  Thank you.

15       THE COURT:  All right, thanks very much for coming

16  in.

17       MR. USDIN:  Thank you, Your Honor.

18       THE COURT:  Right.

19       THE CLERK:  All rise.

20            (Matter concluded at 3:46 p.m.)

21                      * * * *

1

2

3                     **C E R T I F I C A T I O N**

4

5          I, Sandra Carbonaro, court approved transcriber,

6    certify that the foregoing is a correct transcript from the

7    official electronic sound recording of the proceedings in the

8    above-entitled matter.

9

10

11    _____

12    SANDRA CARBONARO

13

14    Doman Transcribing & Recording Svcs.    _____

15    AGENCY                                  DATE